**Greg Claessens, OSB No. 133263**
Attorney for Plaintiff, Lawrence Stanfill El
Claessens Law
685 Church St. NE
Salem, Oregon 97301
greg@claessenslaw.com
Phone: (503) 385-0121

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE STANFILL EL,<br>      Plaintiff,<br><br>               v.<br><br>UNITED STATES OF AMERICA,<br>      Defendants. | Case No.: 3:21-cv-554<br><br>**COMPLAINT**<br>Personal Injury Action (28 U.S.C. § 1332)<br><br>**Prayer Amount: $200,000** |

**COMES NOW** Lawrence Stanfill El (hereinafter Plaintiff), by counsel, for his claims and causes of action against the United States of America (hereinafter "Defendants"), complains and alleges as follows:

### INTRODUCTION

This is an action against the Defendants under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*. and 28 U.S.C. §1346(b)(1), for professional malpractice in connection with the medical care provided to Plaintiff by the Department of Veterans Affairs at the Portland Veterans Affairs Medical Center.

COMPLAINT – 1

The claims herein are brought against the Defendants pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(l), for money damages as compensation for personal injuries caused by the Defendant's negligence.

Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.  Standard Form 95 is attached as Exhibit 1[1].

These claims have been timely filed.  Plaintiff timely served notice of his claims on the appropriate agency, the Department of Veterans Affairs, less than two years after the incident forming the basis of this suit.

Plaintiff is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Department of Veterans Affairs' October 14, 2020 notice of final denial of administrative claim. Administrative Tort Claim Denial Letter attached as Exhibit 2.  This complaint has been filed within six months of that denial.

## JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. §1346(b)(l) and 28 U.S.C. §1332. Plaintiff exhausted his remedies through the Federal Tort Claims procedure and brings this lawsuit within six months therefrom. Venue is proper under 28 U.S.C. §1391 because the events at issue occurred in Multnomah County, Oregon.

## THE PARTIES

1.

Plaintiff is, and at all times relevant hereto was, a resident of Clark County, Washington. Plaintiff is a veteran of the United States Navy.

---

[1] Please note that Exhibit 1 includes only the two-page form 95 filing.  Plaintiff attached a great number of documents with form 95 such that it would have been a problem to include them here.  These attachments are available upon request.

2.

Defendants United States of America, through its agency, the Department of Veterans Affairs, operates the Portland Veterans Affairs Medical Center located at 3710 SW US Veterans Hospital Rd, Portland, OR 97239.

**RESPONDEAT SUPERIOR**

3.

At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff, nurses, and doctors were employed by and/or acting on behalf of the Portland Veterans Affairs Medical Center.

4.

At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff, nurses, and doctors acted within their respective capacities and scopes of employment for the Portland Veterans Affairs Medical Center.

5.

The Portland Veterans Affairs Medical Center is part of the Veterans Administration, an agency of the United States of America. Defendants, United States of America, is responsible for the negligent acts of their employees and agents under respondeat superior.

**FACTUAL ALLEGATIONS**

6.

Plaintiff is a veteran; he served our country in the Navy from September 24, 2006 April 7, 2010. Plaintiff suffered injuries during his service and has been determined to be 100% service connected disabled as a result.

7.

On June 15, 2018 Plaintiff was attacked at the Lloyd Center in Portland. We was knocked to the ground and hit in his head and face. Plaintiff went to the Portland VA hospital

COMPLAINT – 3

for treatment for this injuries. He was treated by nurses Lucas Callahan and Lorraine Anger, as well as Dr. Hannah Wolfer.

8.

He suffered a laceration and bruising to his face. These injuries were treated in the emergency department. He also suffered injuries to his left shoulder, a traumatic posterior dislocation that were not treated or addressed by the Portland VA; this failure to treat his injured shoulder is the basis of this claim.

9.

While in the emergency department Plaintiff complained of pain in his left shoulder as a result of the attack. He had intended to have his shoulder evaluated and treated but this was not done and he was released without treatment. He felt that his shoulder was displaced but it was not examined and no x-ray was ordered.

10.

In June of 2018, Plaintiff was still under treatment for a previous car accident by Dr. Cara Olsen, Olsen Chiropractic Offices (also referred to in the records as Just For The Health of It or JFTHOI). The pain in his shoulder did not go away and so he complained of it to Dr. Olsen and her team. Dr. Olsen's records from June 20, 2018 forward include detail on the pain and limitations with Plaintiff's left shoulder. Despite treatment and physical therapy the injury did not recover.

11.

Plaintiff attempted to inform the Portland VA Hospital and his primary care physician Dr. Rean Goelst of the issue. The records of these communication shows that the Portland VA did not take Plaintiff seriously and did not respond to him with patient centered care. On August 25, 2018 Plaintiff was at the Fairview clinic and had the police called on him in a racially motivated

way (Plaintiff is a black man). When Plaintiff attempted to contact the Portland VA in October of 2018 related to the ongoing shoulder issues he again experienced communication problems with the VA. He expressed that the emergency department did not treat his shoulder in June, that the VA was making communication difficult in a similar way to how they did when the police were called, and that he was in need of treatment. The notes from VA staff in October of 2018 in relation to these calls show that he was not treated with respect.

12.

In Plaintiff's treatment records on this issue, VA staff writes that Plaintiff, "*ranted* on about his visit to the clinic for a ROI and that the police were called on him and felt it was racially motivated by the female clerk at the front desk". (*Emphasis* added). There is a miscommunication as well. At the time, Plaintiff requested a refill of pain medication for his back. VA staff thought Plaintiff was requesting the medication for his left shoulder and denied the medication request as a result. This miscommunication was upsetting to Plaintiff as he had already experienced months of pain and miscommunications with the VA related to the failure to treat his shoulder. VA staff dedicate much of the record on this issue to insisting that they were correct. In describing Plaintiff's position on his past experience having the police unreasonably called on him and his insistence that he informed emergency department staff of his shoulder injuries, VA staff RN Lisa Prado writes that Plaintiff is "*perseverating*" on these issues.

13.

The word 'rant' is commonly used, and seemingly used here, to describe a statement or speech that has gone on too long or has been presented too forcefully or was in some other way improper. 'Perseverating', is a term commonly used in psychiatry, and seemingly used here, to describe a patients mentally unhealthy focus on an issue or circumstance; patient's with obsessive compulsive disorder are described as perseverating on the behaviors that they are

compelled to take.  Neither of these terms is ever used in any positive context.  They are used to denote unhealthy communication and thought.  Here, the VA staff determined that a patient and veteran complaining of racial profiling and not being treated for a significant injury to be "ranting" and "perseverating".  In the larger scheme of things, this is a small example but one illustrates and typifies Plaintiff's treatment experience with the VA.

14.

Eventually, an x-ray and MRI of Plaintiff's left shoulder was ordered.  The MRI found, "unstable type A os acromiale with associated marrow edema, mild rotator cuff tendinosis without tear, intra-articular biceps tendinosis, and early degenerative subchondral cyst in the posterior glenoid".  An Orthopedic surgery consult was ordered but they recommended six weeks of physical therapy before considering surgery.  As previously mentioned, Plaintiff had informed Dr. Olsen, his chiropractor, of the shoulder issue in June and had already been attempting physical therapy and treatment for that issue for much longer than six weeks.

15.

Plaintiff continued physical therapy for many more weeks until ultimately having surgery on his shoulder on May 13, 2019.  Dr. Jesse McCarron preformed a posterior capsule labral repair.  Plaintiff has regained some of the strength and use of his left shoulder but it remains limited and scarred.

## CLAIM FOR RELIEF

### Negligence (Medical Malpractice)

16.

Plaintiff incorporates paragraphs 1 - 15 as set forth above.

17.

The Defendants had a duty to provide medical care and to provide that care at a level at which the average, prudent provider in the community would practice. Plaintiff alleges that Defendants breached that duty as it related to his treatment when presenting to the emergency room immediately following the injury (¶ 7-8) and further breached that duty in their communications with him which further delayed his treatment (¶ 10-12).

18.

As a direct, foreseeable, and proximate result of Defendants' negligence in treating Plaintiff he experienced months of pain in his shoulder and mental trauma therefrom. As a direct, foreseeable, and proximate result of Defendants' negligence in communicating with Plaintiff Defendants caused further delay in Plaintiff's treatment and subjected him to racial prejudice in front of his daughter which caused severe mental trauma. As a result of the Defendant's actions Plaintiff has lost the VA as a trustable resource and his future health is compromised as a result. Plaintiff seeks $200,000 in noneconomic damages.

19.

The acts and/or omissions set forth above would constitute a claim under the law of the State of Oregon.

//
//
//
//
//
//
//
//

## PRAYER

WHEREFORE, Plaintiff prays judgment against the Defendants as follows:

1. Noneconomic Damages:

    a. in an amount to be proven at trial but not to exceed $200,000.00.

2. For Plaintiff's costs, fees, and disbursements herein;

3. For such other and further relief as the court may deem proper.

**DATED:** April 13, 2021

>s/ Greg Claessens
>GREG CLAESSENS,
>OSB #133263
>greg@claessenslaw.com
>Attorney for Plaintiff, Lawrence Stanfill El